**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000758
31-DEC-2012
08:18 AM**

NO. CAAP-11-0000758

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL W. BASHAM, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0663)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant-Appellant Michael W. Basham (Basham) appeals from the Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit[1] (circuit court) on September 19, 2011. Plaintiff-Appellee State of Hawai'i (State) charged Basham with assault in the first degree in violation of Hawaii Revised Statutes (HRS) § 707-710 (1993) arising from a September 22, 2007 incident involving Basham, Steven Bloom (Bloom) and Basham's two sons. Basham was found guilty as charged and was sentenced to ten years of imprisonment.

Though Basham raises five points on appeal, the points have been summarized into four issues for review. On appeal, Basham contends the circuit court erred when it:

---

[1] The Honorable Randal K.O. Lee presided.

(1) denied Basham's motion for mistrial in light of the numerous instances of prosecutorial misconduct;

(2) abused its discretion in admitting prejudicial photographs;

(3) sustained Basham's conviction despite insufficient evidence; and

(4) sentenced Basham for uncharged conduct in violation of HRS §§ 706-606 and 706-621.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Basham's appeal is without merit.

(1) Basham contends the circuit court abused its discretion by denying Basham's motion for mistrial after instances of prosecutorial misconduct during the closing argument.

To determine whether there were improper comments that prejudiced Basham's right to a fair trial, the comments are examined as to "(1) the nature of the conduct; (2) the promptness of curative instruction; and (3) the strength or weakness of the evidence against the defendant." State v. Maluia, 107 Hawai'i 20, 26, 108 P.3d 974, 980 (2005).

Basham contends the prosecutor committed misconduct by commenting on matters outside the evidence. During closing remarks, the following exchange occurred:

> [Prosecutor]: The defense would make a big deal how come [former officer] isn't here to testify? Well, as [police officer] told you, [former officer] is no longer a policeman. In fact [former officer] no longer lives on the island of Oahu.
>
> [Defense Counsel]: Objection, Your Honor.
>
> [Prosecutor]: State versus Padilla.
>
> [Defense Counsel]: Move to strike. May we approach?
>
> The Court: Sustained. Ladies and gentleman, you are to disregard the last comment. Sustained.

The prosecutor's comments that referenced the former officer's off-island status were based on information outside the evidence admitted at trial. However, the circuit court sustained Basham's objection and ordered the jury to disregard the comment. "A prosecutor's remarks are generally considered cured by the court's instructions to the jury, because it is presumed that the jury abided by the court's admonition to disregard the statement." State v. Rogan, 91 Hawai'i 405, 415, 984 P.2d 1231, 1241 (1999) (internal quotation marks and brackets omitted). The circuit court's prompt instruction to the jury to disregard the prosecutor's comments, cured any prejudice to Basham.

Basham takes issue with the prosecutor's statement attacking the credibility of his co-defendant:

> [Prosecutor]: You see, he couldn't come up and say I wasn't there or I wasn't argumentative or I didn't touch Mr. Bloom because to do so would make his version so incredible, so unworthy of belief that he would automatically have to be discredited. And so what he did was he tracked the statement. And [defense counsel] said it, [co-defendant's] statement tracks Mrs. Bloom's dictated statement to [former officer]. It does that because -- the reasonable inference is that [co-defendant] read the statement and said well --

> [Defense Counsel]: Objection, Your Honor.

> The Court: Sustained.

> [Defense Counsel]: Move to strike.

> The Court: Ladies and gentleman, you are to disregard the last comment. Sustained.

Basham contends the prosecutor's statement constituted impermissible generic tailoring. Given the circuit court's prompt action sustaining Basham's objection and providing a curative instruction to the jury to disregard the statement, any misconduct was cured. Rogan, 91 Hawai'i at 415, 984 P.2d at 1241.

Basham contends the prosecutor improperly attacked Basham's credibility, though his credibility was not at issue. During closing remarks, the prosecutor stated,

> [Prosecutor]: You know that [Basham] lied to the police. How do you know that? When [police officer], the

3

> second police officer who testified, he had the suit and the
> -- the stubble, he told you his only job at the scene was to
> document the minor motor vehicle collision. And whom did he
> identify as the operators? [Bloom], [Basham]. Who could
> the only source of that information be? Not Steven Bloom
> who had been knocked unconscious. [Basham]. In other
> words, he took the role of his son as the driver and thus
> lied to the police.

Basham asserts that this attack on his credibility is improper since Basham did not testify during trial. During closing remarks, the prosecutor referenced the testimony of one of the police officers that responded to the incident. The police officer identified Basham as the driver of the vehicle involved in the collision.

Where the prosecutor's statement draws a reasonable inference from the evidence, the comment does not constitute an improper comment. See, State v. Tuua, 125 Hawai'i 10, 14, 250 P.3d 273, 277 (2011). The prosecutor made a permissible and reasonable inference based on evidence in the record that Basham misrepresented himself as the driver involved in the collision.

Basham contends the prosecutor misstated the law on accomplice liability, confusing the jurors as to the elements of assault. During closing statements, the following exchange occurred:

> [Prosecutor]: A person is an accomplice of another if
> in the commission of Assault in the First Degree, with
> intent to promote or facilitate the commission of Assault in
> the First Degree, the person aids or agrees or attempts to
> aid the person in the planning or the commission of the
> offense.
>
> Let's define a couple of those words and put it in
> everyday English that we can understand.
>
> A person is an accomplice if with intent to promote -- what
> does that "promote" mean? It simply means for our purposes to
> encourage, the desire to bring about.
>
> [Defense Counsel]: I'm going to object. Approach, Your
> Honor.
>
> The Court: Approach.
>
> (The following proceedings were held at the bench:)
>
> [Defense Counsel]: Ask the Court to instruct the jury the
> use of the word "intent" clearly under Hawai'i state law, State v.

Yip, Yabasuki, Soares, the words "intent to promote" is used in very narrow circumstances, meaning that with regard to accomplice liability proof must be had beyond a reasonable doubt that the defendant had the intent to promote the commission of the particular offense. And [Prosecutor's] use of it is a far cry from what the legal definition is under the Hawai'i case law and intent has to be construed in terms of the intentional state of mind that the Court has given. So his argument is highly misleading and prejudicial if you let it stand.

[Co-defendant's Counsel]: Join in that.

The Court: Overruled.

Though Basham contends the prosecutor misled the jury by improperly dismantling the intent component of the statute, the prosecutor's statements do not support this contention. The jury instructions as read by the circuit court included an instruction for accomplice liability which stated, "[a] person is an accomplice of another in the commission of an offense if, with the intent to promote or facilitate the commission of the offence, he aids or agrees or attempts to aid the other person in the planning or commission of the offense." The statute from which the language derived, HRS § 702-222 (1993), does not define "promote" or "facilitate." In his closing remarks, the prosecutor did not misstate the law, but referenced the plain meaning of the words.

Basham contends the prosecutor improperly diverted the jury away from the evidence by raising the societal impact of the verdict. The prosecutor commented, "[t]he verdict that's rendered is important. It's important not only to the defendants but it's important to an orderly community. We resolve things by avoiding the use of violence." Basham contends that such comments impermissibly call on the jury to decide the merits of the case based on societal implications.

However, the circuit court instructed the jury to decide the verdict based on the evidence and the law and clarified that remarks by counsel are not evidence. In Klinge, the Supreme Court of Hawai'i concluded that a prosecutor's isolated, improper reference to "the people's safety" during

closing arguments was not reversible error where the court later instructed the jury that statements made by counsel were not evidence. Klinge, 92 Hawai'i 577, 591-92, 994 P.2d 509, 523-24 (2000). Similarly, in the instant case the prosecutor made one isolated reference to which Basham failed to object, and any error was cured by the circuit court's instruction to the jury.

Furthermore, the strength of the evidence against Basham renders the comment harmless beyond a reasonable doubt. During trial, Basham's co-defendant and Bloom's wife testified that Basham pushed Bloom to the ground. Bloom's wife testified that Basham held Bloom to the ground.

(2) Basham contends the circuit court abused its discretion in admitting three photographs into evidence due to their highly prejudicial content and low probative value. The photographs were of Bloom and his wife prior to the assault.

The State offered one of the photographs, Exhibit 3, to show Bloom's relative weight and size on the day of the incident in response to Basham's argument that Basham's actions were in self-defense. Basham asserts Exhibit 3 is prejudicial because it depicts Bloom holding his "pregnant wife" with his hand on her stomach. The State offered two other photographs, Exhibits 4 and 5, to corroborate Bloom's testimony that Bloom and his wife were sightseeing together just prior to the incident. The circuit court denied Basham's motion in limine as to the photographs and admitted the photographs as relevant and probative to corroborate the narrative of events.

Photographs may be admitted into evidence if the content is relevant. State v. Torres, 60 Haw. 271, 275-76, 589 P.2d 83, 86 (1978). Photographs may be relevant to corroborate testimony. State v. Edwards, 81 Hawai'i 293, 916 P.2d 703 (1996)

Exhibits 4 and 5, photographs depicting the Blooms in front of their home in Ewa Beach and sightseeing, corroborated the narrative that the Blooms were searching for a beach near their new home on the day of the alleged assault.

Basham further claims the photographs were cumulative. Basham takes issue with Exhibits 4 and 5 for depicting the Blooms in individual poses sightseeing as needlessly cumulative and highly prejudicial. Photographs depicting similar scenes may not be considered cumulative so long as each photograph depicts images not evident from the other photographs. See, Edwards, 81 Hawai'i at 299, 916 P.2d at 709. Exhibit 4 shows Bloom sightseeing and Exhibit 5 shows his wife sightseeing. The photographs served to corroborate that just prior to the alleged assault, the Blooms were sightseeing together in the nearby vicinity. As such, the circuit court did not abuse its discretion in allowing the photographs into evidence.

(3) Basham contends there was insufficient evidence to support a conviction for assault under accomplice liability. Basham concedes the evidence shows Basham pushed or grabbed Bloom before Bloom fell to the ground, and that Basham held Bloom to the ground. However, Basham maintains the evidence does not sufficiently demonstrate intent to assault since Basham ceased holding Bloom to the ground once the driver (identified as one of Basham's sons) began punching Bloom.

Sufficiency of evidence is established where substantial evidence supports the jury's conclusion, as was the case here. State v. Fields, 115 Hawai'i 503, 511-12, 168 P.3d 955, 963-64 (2007).

(4) The circuit court did not abuse its discretion in sentencing Basham to ten years imprisonment. Basham contends the circuit court sentenced Basham for an uncharged crime, namely for failing to control his son and for failing to prevent the assault on Bloom.

The circuit court properly exercised its discretion in considering Basham's "candor, conduct, remorse, background . . . as well as circumstances of the crime and many other factors[.]" State v. Nunes, 72 Haw. 521, 525, 824 P.2d 837, 840 (1992).

Basham further asserts that the circuit court erred in emphasizing the sentencing factor of "extent of injury" over other factors that weighed in Basham's favor such as "no history of prior delinquency or criminal activity" and "has led a law abiding life" (quoting HRS § 706-621(2)(e) (1993) (repealed 2001)).

HRS § 706-606 (1993) requires the circuit court to consider the enumerated factors, but does not compel the court to give each factor equal weight. The circuit court may exercise discretion in prescribing a sentence that fits the particular defendant and the circumstances of the case. State v. Kahapea, 111 Hawai'i 267, 281, 141 P.3d 440, 454 (2006). The circuit court addressed the required factors necessary for the consideration of probation, and did not abuse its discretion in deciding to sentence Basham to ten years imprisonment for his participation in the assault.

Therefore,

IT IS HEREBY ORDERED that the Judgment and Conviction entered in the Circuit Court of the First Circuit on September 19, 2011 is affirmed.

DATED: Honolulu, Hawai'i, December 31, 2012.

On the briefs:

Summer M.M. Kupau
Deputy Public Defender
for Defendant-Appellant.

Chief Judge

James M. Anderson
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Associate Judge

Associate Judge